## S. B. Redd & Bro. *v.* Mary E. Walker, et al.

**Street Improvements—Ordinance and Contract.**
> Where a city ordinance and the improvement contract under it provide for the improvement of a carriage way twenty-six feet wide, and the contractor constructs such improvement thirty-four feet wide, the city cannot compel the abutting property owners to pay for such improvement.

APPEAL FROM LOUISVILLE CHANCERY COURT.

January 28, 1875.

Opinion by Judge Lindsay:

The ordinance and the contract restricted the width of the carriage way of Maple street, between 17th and 18th streets, to twenty-six feet, and provided that room for sidewalks twelve feet in width should be left on either side. Notwithstanding all this, the contractors constructed the carriage way about thirty-four feet in width, and left only seven or eight feet on either side for sidewalks. This was an open, palpable, unmistakable departure from the provisions of the ordinance and contract.

The departure was such as to deprive the city of the power to

compel the property owners to pay the cost of the improvements. The city charter, Sec. 12, provides that in no event shall the city be liable to pay for such work, unless it has the right to enforce the cost against the property receiving the benefit.

The contractor, by his violation of his contract, deprived the city of the power to enforce the payment of the cost of improving Maple street against Mrs. Walker's property. He cannot; therefore, complain that relief against the city is denied him.

Judgment *affirmed.*

*R. C. Davis, for appellants.*

*G. P. Arbegast, for appellees.*

*T. L. Bennett, for Louisville.*